# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JESSE RUSSELL SIMPSON,**

    **Petitioner,**

v.                                       **Civ. Action No. 1:19-CV-68**
                                                          **(Kleeh)**

**C. GOMEZ, Warden,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART PRELIMINARY REPORT AND RECOMMENDATION [ECF NO. 27]**

Pending before the Court is a Report and Recommendation ("R&R") by United States Magistrate Judge Michael J. Aloi. For the reasons discussed below, the Court adopts the R&R in part and rejects it in part.

**I.    PROCEDURAL HISTORY**

On March 29, 2019, the Petitioner, Jesse Russell Simpson ("Petitioner"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. At the time he filed the Petition, he was incarcerated at FCI Morgantown in Morgantown, West Virginia. He also filed a motion for leave to file additional pages and grounds and to prepare exhibits for the Petition, along with a motion for a preliminary injunction. ECF Nos. 2, 3. The Clerk of Court issued a Notice of Deficient

**SIMPSON V. GOMEZ**                                               **1:19-CV-68**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART PRELIMINARY REPORT AND RECOMMENDATION [ECF NO. 27]**

Pleading, directing Petitioner to file a motion to proceed as a pauper with the necessary supporting documents or pay the filing fee within 21 days. ECF No. 4. Petitioner paid the filing fee on April 18, 2019. ECF No. 9.

On May 13, 2019, Petitioner moved to file additional pages and grounds to the Petition and "to return from leave." ECF No. 12. He also filed another motion for preliminary injunction and a motion for emergency injunction. ECF Nos. 13, 14. On October 17, 2019, the Magistrate Judge directed the Warden to show cause on the limited issue of whether Petitioner had lost any Good Conduct Time ("GCT") as a sanction for a disciplinary violation. ECF No. 16. The Warden responded on November 5, 2019. ECF No. 18.

On November 6, 2019, Petitioner filed a motion for extension of time to file related civil action(s) and a motion to submit additional information. ECF Nos. 19, 20. By separate orders, Petitioner's motion for an extension was denied, and his motion to submit additional information was construed as a motion to supplement and granted. ECF Nos. 21, 22. His motion for leave to file additional pages and prepare exhibits was construed as a motion to file excess pages and granted. ECF No. 24. His letter motions to have copies of court filings sent to his mother were denied. ECF No. 25. On December 3, 2019, the Magistrate Judge issued his R&R. ECF No. 27.

**SIMPSON V. GOMEZ**                                              **1:19-CV-68**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART PRELIMINARY REPORT AND RECOMMENDATION [ECF NO. 27]**

## II.  THE PETITION

The R&R organizes Petitioner's claims into five general grounds. Petitioner did not object to this characterization of his claims:

> Ground One:
>
> Petitioner alleges that while he was incarcerated at FCI Danbury in Danbury, Connecticut, certain Bureau of Prisons ("BOP") employees retaliated against him for exercising his First, Fifth, and Eighth Amendment rights. He argues that this stemmed from his revealing that he identified as LGBT and his joining a music program band comprised primarily of LGBT inmates.
>
> Ground Two:
>
> Petitioner alleges that after he arrived at the BOP's Oklahoma transfer center, BOP employees retaliated against him for exercising his First, Fifth, and Eighth Amendment rights. Specifically, he argues that they denied him a lower bunk, despite the fact that he had a medical pass for one; refused to issue him a pillow for over one week; and interfered with his right to file grievances.
>
> Ground Three:
>
> Petitioner alleges that when he arrived at FCI Morgantown, BOP employees denied him his First, Fifth, and Eighth Amendment rights. He argues that he experienced retaliation based on his coming out as LGBT, that staff seized his personal property without cause, and that he was denied requested medical care.

**SIMPSON V. GOMEZ**                                       1:19-CV-68

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART PRELIMINARY REPORT AND RECOMMENDATION [ECF NO. 27]**

Ground Four:

Petitioner alleges that he is innocent of any and all violations included in Incident Report #3216326, issued at FCI Morgantown. He argues that the report is erroneous, capricious, retaliatory, and in violation of 28 C.F.R. § 541.1.

Ground Five:

Petitioner alleges that he is innocent of any and all violations included in Incident Report #3218313, issued at FCI Morgantown. He argues that the report is erroneous, vague, unsubstantiated, frivolous, capricious, and retaliatory. He argues that it omitted key information, violated 28 C.F.R. § 541.1, and was used to artificially raise his custody level.

Petitioner requests a sentence reduction, including immediate release; a vacating of his sentence; an expungement of his incident report; the return of his paperwork; restoration of his constitutional rights; release from the Special Housing Unit; daily access to the phone and email; termination of his SIS investigation; reinstatement of his programming assignments; 15 days of good time credit per month from December 2018 until the present time; and mental health treatment. ECF No. 1 at 8.[1]

---

[1] This refers to page 8 of the electronic filing containing the Petition, not page 8 of the Petition itself.

**SIMPSON V. GOMEZ**                                                   **1:19-CV-68**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART PRELIMINARY REPORT AND RECOMMENDATION [ECF NO. 27]**

### III. THE R&R

The R&R recommends the following:

- That Petitioner's civil rights claims regarding the conditions of his confinement, alleged in Grounds One and Two, be dismissed with prejudice to be addressed in their respective district courts;[2]

- That Petitioner's claims of wrongful disciplinary actions and for an award of GCT should be denied and dismissed with prejudice because Petitioner was not sanctioned with the loss of GCT for either;

- That Petitioner's civil rights claims for conditions of confinement at FCI Morgantown, raised in Grounds Two, Three, and Five, should be denied without prejudice because Petitioner has a right to raise those claims in a Bivens civil rights action;

- That the Court direct the Warden to file a supplemental response to Petitioner's remaining § 2241 claim, raised in his November 6, 2019, supplement [ECF No. 1-4], regarding his entitlement under the First Step Act to 50 days of GCT from January 21, 2019, until the date he filed the Petition;

- That the Clerk be directed to send the applicable forms for the filing of a Bivens action in this district to Petitioner, to

---

[2] Specifically in Counts One and Two, Petitioner asserts challenges that should be brought in the United States District Court for the District of Connecticut and the United States District Court for the Western District of Oklahoma.

**SIMPSON V. GOMEZ** 1:19-CV-68

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART PRELIMINARY REPORT AND RECOMMENDATION [ECF NO. 27]**

permit him to file his civil rights claims against the FCI Morgantown BOP staff;[3]

- That Petitioner's pending Motion to File Additional Pages and Grounds to Petition for Habeas Corpus and to Return from Leave [ECF No. 12] be denied as moot because it pertains to Petitioner's civil rights claims, which are not cognizable in a habeas corpus action;

- That Petitioner's pending Motion for Preliminary Injunction [ECF No. 3] be denied as moot; and

- That his Motion for Preliminary Injunction [ECF No. 13] and Motion for Emergency Injunction [ECF No. 14] be denied for lack of jurisdiction.

## IV. STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will

---

[3] The R&R also recommends that the Petitioner should fill out and return the court-approved forms to the Clerk of Court within 14 days of the date of service of the R&R. If Petitioner fails to timely fill out and return the court-approved forms, his Bivens claims contained in his § 2241 Petition as Grounds Three and Four will be given no consideration and will be recommended for dismissal upon final review of his remaining § 2241 claim.

**SIMPSON V. GOMEZ**  1:19-CV-68

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART PRELIMINARY REPORT AND RECOMMENDATION [ECF NO. 27]**

uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Here, Petitioner has filed three objections:

(1) Petitioner objects to the finding that the Ground Four and Ground Five claims of wrongful disciplinary actions and for an award of GCT should be denied and dismissed with prejudice;[4]

(2) Petitioner objects to the requirement that he fill out and return the court-approved Bivens forms to the Clerk within 14 days; and

(3) Petitioner objects to the finding that the November 6, 2019, motion to supplement his petition was found to be related to the calculation of 54 days of GCT per year because it was actually filed to address the GCT that he was prevented from earning by participating in productive activities.

The Court reviews these portions of the R&R de novo and reviews the remainder of the R&R for clear error.

## V.   DISCUSSION

### A.   Objection #1

The R&R recommended that Petitioner's claims of wrongful disciplinary actions and for an award of GCT should be denied and dismissed with prejudice because Petitioner was not sanctioned

---

[4] Petitioner requests that they be dismissed without prejudice so that he can file a Bivens claim against the FCI Morgantown staff with this Court.

**SIMPSON V. GOMEZ**  1:19-CV-68

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART PRELIMINARY REPORT AND RECOMMENDATION [ECF NO. 27]**

with the loss of GCT for either. Petitioner objects to this and argues that they be dismissed <u>without</u> prejudice so that he can place his <u>Bivens</u> claim against the FCI Morgantown staff with this court. The Court agrees with Petitioner on this issue. Because this issue is a <u>Bivens</u> issue, the Court has no jurisdiction to dismiss it with prejudice based on the Government's affidavit.[5] Therefore, the Court will **REJECT** the R&R's recommendation that it be dismissed with prejudice. The claims will be **DISMISSED WITHOUT PREJUDICE**.

B.     Objection #2

The R&R directed the Clerk to send the applicable forms for the filing of a <u>Bivens</u> action to Petitioner, to permit him to file his civil rights claims against the FCI Morgantown BOP staff. It also provided that Petitioner shall fill out and return the forms to the Clerk of Court within 14 days of the service of the R&R. The R&R provides that if Petitioner fails to timely do so, his

---

[5] As noted in the R&R, "a <u>Bivens</u> action is used to hold federal officers 'individually liable for constitutional violations.'" ECF No. 27 at 6 (citing <u>Starr v. Baca</u>, 625 F.3d 1202 (9th Cir. 2011)). It is the federal analogue to an action against state or local officials under § 1983. <u>See</u> <u>Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388, 392-94; <u>see also</u> <u>Preiser v. Rodriuez</u>, 411 U.S. 475, 499 (1973) (writing that "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody"). Such claims are not cognizable in a § 2241 action.

**SIMPSON V. GOMEZ**                                              **1:19-CV-68**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART PRELIMINARY REPORT AND RECOMMENDATION [ECF NO. 27]**

Bivens claims contained in his § 2241 Petition as to Grounds Three and Four will be given no consideration and will be recommended for dismissal.

In Petitioner's Objections, he writes that he received the R&R on Friday, December 6, 2019. As of December 7, 2019, he had still not received the Bivens forms from the Clerk. He argues that two weeks is not enough time for him to prepare the forms. For those reasons, the Court **REJECTS** the R&R as to this issue. The Clerk is **DIRECTED** to provide Petitioner with the appropriate Bivens forms. Petitioner is **ORDERED** to file the Bivens forms with the Court on or before **April 17, 2020**. If Petitioner fails to timely fill out and return the court-approved forms, his Bivens claims contained in his § 2241 Petition as to Grounds Three and Four will be given no consideration and will be dismissed upon final review of his remaining § 2241 claim.

C.   **Objection #3**

The R&R recommends that the parties should brief the new issues raised in the November 6, 2019, motion to supplement. Petitioner objects to the R&R's characterization of those issues.[6]

---

[6] Specifically, he objects to the finding that the November 6, 2019, motion to supplement his petition was found to be related to the calculation of 54 days of GCT per year because it was actually filed to address the GCT that he was prevented from earning by participating in productive activities.

SIMPSON V. GOMEZ                                          1:19-CV-68

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN
PART PRELIMINARY REPORT AND RECOMMENDATION [ECF NO. 27]**

Without ruling on whether the R&R properly described the issues, the Court agrees that the issues need to be briefed. The Court **ADOPTS** the R&R on this point. The Warden is **ORDERED** to respond, on or before **April 10, 2020**, to the "Motion to Submit Additional Information," docketed at ECF No. 20.

## VI.  CONCLUSION

After reviewing the remainder of the R&R and finding no clear error, the Court adopts all remaining portions of the R&R. Therefore, the R&R is adopted in part and rejected in part. The Court hereby **ORDERS** the following:

- The R&R [ECF No. 27] is **ADOPTED IN PART** and **REJECTED IN PART**, to the extent described above;

- Petitioner's Objections [ECF No. 29] are **ADOPTED IN PART** and **REJECTED IN PART**, to the extent described above;

- The *Motion for Preliminary Injunction Granting Access to Legal Materials* [ECF No. 3] is **DENIED**;

- The *Motion to File Additional Pages and Grounds to Petition for Habeas Corpus and to Return from Leave* [ECF No. 12] is **DENIED**;

- The *Motion for Preliminary Injunction* [ECF No. 13] is **DENIED**;

- The *Motion for Emergency Injunction* [ECF No. 14] is **DENIED**;

SIMPSON V. GOMEZ                                        1:19-CV-68

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART PRELIMINARY REPORT AND RECOMMENDATION [ECF NO. 27]**

- The Clerk is **DIRECTED** to provide Petitioner with the appropriate <u>Bivens</u> forms;

- Petitioner is **ORDERED** to file the forms on or before **April 17, 2020**, and if he fails to do so, his <u>Bivens</u> claims contained in his § 2241 Petitioner in Grounds Three and Four will be given no consideration and will be dismissed upon final review of his remaining § 2241 claim;

- The only remaining § 2241 claim relates to the November 6, 2019, filing; and

- The Warden is **ORDERED** to respond, on or before **April 10, 2020**, to the "Motion to Submit Additional information," docketed at ECF No. 20.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record and the <u>pro se</u> Petitioner, via certified mail, return receipt requested.

DATED: March 19, 2020

/s/ Thomas S. Kleeh
_____
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE