**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JESSE RUSSELL SIMPSON,**

          **Petitioner,**

**v.**                                                          **Civ. Action No. 1:19-CV-68
(Kleeh)**

**C. GOMEZ, Warden,**

          **Respondent.**

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION [ECF NO. 55]**

Pending before the Court is a Report and Recommendation ("R&R") by United States Magistrate Judge Michael J. Aloi. For the reasons discussed below, the Court adopts the R&R.

**I.    PROCEDURAL HISTORY**

On March 29, 2019, the Petitioner, Jesse Russell Simpson ("Petitioner"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. At the time he filed the Petition, he was incarcerated at FCI Morgantown in Morgantown, West Virginia. He also filed a motion for leave to file additional pages and grounds and to prepare exhibits for the Petition, along with a motion for a preliminary injunction. ECF Nos. 2, 3. The Clerk of Court issued a Notice of Deficient Pleading, directing Petitioner to file a motion to proceed as a

SIMPSON V. GOMEZ                                         1:19-CV-68

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION [ECF NO. 55],**

pauper with the necessary supporting documents or pay the filing fee within 21 days. ECF No. 4. Petitioner paid the filing fee on April 18, 2019. ECF No. 9.

On May 13, 2019, Petitioner moved to file additional pages and grounds to the Petition and "to return from leave." ECF No. 12. He also filed another motion for preliminary injunction and a motion for emergency injunction. ECF Nos. 13, 14. On October 17, 2019, the Magistrate Judge directed the Warden to show cause on the limited issue of whether Petitioner had lost any Good Conduct Time ("GCT") as a sanction for a disciplinary violation. ECF No. 16. The Warden responded on November 5, 2019. ECF No. 18.

On November 6, 2019, Petitioner filed a motion for extension of time to file related civil action(s) and a motion to submit additional information. ECF Nos. 19, 20. By separate orders, Petitioner's motion for an extension was denied, and his motion to submit additional information was construed as a motion to supplement and granted. ECF Nos. 21, 22. The supplement to the petition [ECF No. 23] included the argument relevant to the instant filings before the Court: whether Petitioner is entitled to 50 days' worth of time credits under the FSA. Thereafter, Petitioner's motion for leave to file additional pages and prepare exhibits was construed as a motion to file excess pages and granted. ECF

SIMPSON V. GOMEZ                                                    1:19-CV-68

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION [ECF NO. 55],**

24. His letter motions to have copies of court filings sent to his mother were denied. ECF No. 25.

On December 3, 2019, the Magistrate Judge issued a Preliminary Report and Recommendation. ECF No. 27. On December 11, 2019, Simpson filed a Motion to File Objections to the Preliminary R&R and Clarify Information. ECF No. 29. On December 27, 2019, Petitioner filed a Motion to Supplement the Record. ECF No. 31. On March 5, 2020, Simpson's Motion to Supplement was granted. ECF No. 32. This Court entered a Memorandum Opinion and Order Adopting in Part and Rejecting in Part Preliminary R&R on March 19, 2020, and shortly thereafter an Amended Memorandum Opinion and Order amending the portion of the original Order that denied without prejudice Petitioner's claims in Grounds Four and Five to a denial with prejudice of those claims. ECF Nos. 34, 35.

On May 12, 2020, Petitioner filed a notice of change of address notifying the Court of his new address while serving time on home confinement at a halfway house in Clarksville, Maryland. ECF No. 44. On October 13, 2020, Petitioner filed a second notice of change of address notifying the Court that his address changed to a jail in Washington, DC. ECF No. 58. Finally, on December 12, 2020, Petitioner notified the Court that his address changed back to the Clarksville, Maryland address. ECF No. 60. To the Court's

SIMPSON V. GOMEZ                                          1:19-CV-68

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION [ECF NO. 55],**

knowledge, Petitioner has remained at the Clarksville, Maryland
address.

## II.   THE MOTION, RESPONSE, AND REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636 and the local rules, the Court
referred the entire action to United States Magistrate Judge
Michael J. Aloi. On April 7, 2020, the Warden filed a Motion to
Dismiss with a memorandum in support on the remaining claim
contained in the supplement. ECF No. 38. Specifically, the Warden
argued: (1) Petitioner failed to exhaust his administrative
remedies under the Administrative Remedy Program (28 C.F.R. §
542.10 et seq.) relating to the alleged 50-day loss of time for
programming credits as he alleges in the supplemental filing [ECF
No. 20]; (2) Petitioner received all credit due to him pursuant to
the First Step Act; (3) the time credit issue is not yet ripe for
review, therefore making his claim to 50 days of GCT not yet ripe
for review; and (4) even if the claim is ripe for review, which it
is not, Petitioner fails to plead an injury that the Court can
rectify. ECF No. 38.

Petitioner also filed a motion for reconsideration of the
Amended Memorandum Opinion and Order. ECF No. 39. On April 8, 2020,
a Roseboro Notice issued. ECF No. 40. On April 21, 2020, Petitioner
moved for an extension of time to respond; by Order entered May 6,

4

SIMPSON V. GOMEZ                                                    1:19-CV-68

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION [ECF NO. 55],**

2020, Petitioner's motion was granted. ECF Nos. 42, 43. Petitioner filed a Notice of Change of Address, indicating that he had been released from prison, and moved for leave to file electronically on May 12, 2020; by Order entered May 13, 2020, Petitioner's motion was denied. ECF Nos. 44, 45, 46. On May 26, 2020, Petitioner moved for reconsideration of the Order denying his motion to file electronically. ECF No. 48. On May 27, 2020, Petitioner moved for leave to exceed the page limit and to file his response via fax [ECF No. 51]; by Order entered May 29, 2020, the motion was denied. ECF No. 52.

On June 4, 2020, Petitioner filed his response in opposition to the Warden's motion to dismiss. ECF No. 53. In the response, Petitioner attaches a number of exhibits and argues: (1) Petitioner exhausted all of his administrative remedies and the 394 administrative remedies Petitioner allegedly filed is "grossly exaggerated" and the Warden should be held in contempt for such an assertion; (2) Petitioner did not receive all the credit that was due to him for his program participation under the Evidence-Based Recidivism Reduction Programs ("EBRR"), specifically that he is due at least 10 days per month of time credits toward residential re-entry placement, home confinement, or probation; (3) Petitioner's claims are ripe for review; and (4) there exists a concrete injury for the Court to rectify. ECF No. 53.

**SIMPSON V. GOMEZ**                                                    **1:19‑CV‑68**

## MEMORANDUM OPINION AND ORDER
### ADOPTING REPORT AND RECOMMENDATION [ECF NO. 55],

Magistrate Judge Aloi issued the R&R on September 17, 2020, recommending that the Court dismiss the remaining claim raised in the supplement to the petition, thereby dismissing the case, without prejudice for failure to exhaust his administrative remedies. ECF No. 55. The Magistrate Judge also recommended that Petitioner's Motion for Reconsideration of the Amended Memorandum Opinion and Order [ECF No. 39] and Motion for Reconsideration of the Order denying his motion to file electronically [ECF No. 48] be denied as moot.

The R&R also informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The docket reflects that the Petitioner accepted service of the R&R on September 22, 2020. ECF No. 57. On September 24, 2020, Petitioner filed timely objections to the R&R. ECF No. 56.

### III. STANDARD OF REVIEW

SIMPSON V. GOMEZ                                               1:19-CV-68

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION [ECF NO. 55],

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (emphasis added) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758,

SIMPSON V. GOMEZ                                              1:19-CV-68

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION [ECF NO. 55],**

766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." <u>Mario</u>, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." <u>Id.</u>; <u>see also</u> Fed. R. Civ. P. 72(b); LR PL P 12.

## IV.  OBJECTIONS

Petitioner filed a seven-page document including a list of twelve objections, only two of which merit a <u>de novo</u> review. The Court will discuss each in turn below.

> (1) "Petitioner is owed First Step Act ("FSA") time-credits for period of December 21, 2018, to March 31, 2020, a total of 15 months and ten days, for a total of 150 days of time-credits . . . ."

> (2) "The BOP failed to promote its administrative remedy policies."

> (3) "Respondent Gomez issued a memorandum admitting that he was restricting Petitioner's access to the Administrative Remedy Program compared to the access provided to other inmates (ECF 53-28, page 5)."

SIMPSON V. GOMEZ                                          1:19-CV-68

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION [ECF NO. 55],**

---

(4)  "Acting Unit Manager Barkaszi admitted
     that staff was restricting Petitioner's
     access to the Administrative Remedy
     Program even more than Respondent Gomez
     ordered"

(5)  "Staff rejected more than half of
     Petitioner's Administrative Remedy
     submissions"

(6)  "Staff never granted any of Petitioner's
     Requests for Administrative Remedy or
     Administrative Remedy Appeals despite
     his '394' submissions, which shows that
     the administrative remedy process would
     only be a futile effort on part of
     Petitioner."

(7)  "Staff throughout the BOP repeatedly and
     habitually retaliated against Petitioner
     at least in part for filing grievances."

(8)  Magistrate Judge Aloi found that the
     Respondent's argument that Petitioner
     never filed any administrative
     complaints as to the time credit issue
     raised in the instant Motion to Dismiss
     had "no merit."

(9)  There is not enough time for Petitioner
     to "re-exhaust his available
     administrative remedies" if he is forced
     to exhaust.

(10) The issue that Magistrate Judge Aloi
     found in the R&R regarding Petitioner
     failing to exhaust the administrative
     remedies because of Petitioner's failure
     to comply with the rejection notice by

9

SIMPSON V. GOMEZ                                          1:19-CV-68

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION [ECF NO. 55],**

obtaining the staff memo is incorrect due to a Western District of Pennsylvania case. Further, Remedy 977856 was in the same envelope as Remedy 979219-R1 and both were rejected with the same instructions to provide a staff memo.

(11) "[T]he date of the mailing [of the delayed Certified Mail slip] is illegible" and was attached in a higher resolution picture by the Petitioner to his objections.

(12) None of Magistrate Judge Aloi's "Recommendations, even if they were adopted, would make Petitioner's Motion for Reconsideration of the Amended Memorandum Opinion and Order (ECF No. 39) moot."

[ECF No. 56].

## V.  DISCUSSION

After reviewing for clear error and finding none, the Court adopts and incorporates by reference all portions of the R&R to which no objection – or an objection too vague – was made.

### A. Objection # 1

Petitioner takes issue with the FSA time credits he believes he is owed. In fact, the first objection merely restates his argument regarding the FSA time-credits. See ECF Nos. 23, 53, 56. The remaining text of this objection states that he is owed 150 days of time credits "which should be applied to his release from home-confinement. This includes both time that Petitioner

**SIMPSON V. GOMEZ**                                          **1:19-CV-68**

### MEMORANDUM OPINION AND ORDER
### ADOPTING REPORT AND RECOMMENDATION [ECF NO. 55],

participated in EBRR programming as well as time that he was excluded from participating in programming due to Respondent's retaliation. This credit would give Petitioner a release date of October 28, 2020 . . . . This is unrelated to Petitioner's FSA GCT recalculation . . . which Petitioner has already received." ECF No. 5.

The Court adopts the Magistrate Judge's R&R on this issue. The First Step Act of 2018 ("FSA") amended 18 U.S.C. § 3624(b)(1) to require qualifying inmates to receive a good conduct time credit up to 54 days for each year of incarceration instead of 54 days of actual time served. As previously recommended by the Magistrate Judge, Petitioner's good conduct time has been recalculated to credit him all that is due, updating his statutory release date to March 27, 2021. ECF Nos. 27, 55, 38-2 at ¶ 5. Further, to the extent this objection alleges that Petitioner is due a number of time credits for completing an EBRR program, such information is not before the Court and, as the Magistrate Judge pointed out, is within the BOP's possession. ECF No. 55.

In reviewing the Magistrate Judge's R&R and this objection, which goes to the heart of Petitioner's remaining claim in his Petition and Warden's motion to dismiss, the Court adopts the R&R on this ground and overrules Petitioner's objection.

**SIMPSON V. GOMEZ**                                                    **1:19-CV-68**

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION [ECF NO. 55],**

**B. Objections # 2, 3, 4, 5, 6, 7, 8, 9, 11, and 12**

Petitioner's objections two through nine, and eleven through twelve, while descriptive and even lengthy, are vague, and none preserve a claim for review by this Court. The objections are unspecific and are devoid of any reference to specific findings or recommendations and is unsupported by legal authority. Therefore, because Petitioner's objections are conclusory and are not specific to the findings and recommendation of the Magistrate Judge with respect to the necessary standard for the issuance of an order dismissing the petition. Because Petitioner's objections refer the court to previously filed papers or arguments and therefore do not constitute adequate objections, Petitioner's objections fail to merit <u>de novo</u> review from this Court, and therefore, the Court is under no obligation to conduct a <u>de novo</u> review as to this portion of the R&R. Accordingly, the Court reviewed the R&R for clear error and found none.

**C. Objection # 10**

Petitioner states that Remedy ID 977856 is key to his claims before this Court. An inmate's administrative remedy is not exhausted where the inmate is expressly instructed to resubmit a deficient submission and he fails to do so. <u>Tucker v. Helbig</u>, No. 8:13-cv-00401, 2013 WL 6288674, at *8-9 (D.S.C. Dec. 4, 2013) *aff'd*, 566 F. App'x 268 (4th Cir. 2014) (<u>per curiam</u>) (unpublished).

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION [ECF NO. 55],**

Here, Petitioner's administrative Remedy ID 977856, along with Remedy 979219-R1, were both failed attempts at administrative exhaustion. Petitioner specifically complains about Remedy ID 977856 in his objection. Remedy ID 977856 is listed a total of five times in ECF No. 38-3, Exhibit 3 to Respondent's Motion to Dismiss.

First, on page 065[1] of the Administrative Remedy Generalized Retrieval (hereinafter, "SENTRY records"), it states that "INM requests accommodations [sic] to take food out of FS." The request was received on May 17, 2019.

Second, on page 080 of the SENTRY records it states again that "INM requests accommodations [sic] to take food out of FS." The request was received on June 12, 2019.

Third, on page 093 of the SENTRY records it states again that "INM requests accommodations [sic] to take food out of FS." The request was received on July 15, 2019. This request notes that a corrected appeal by the inmate was due by July 6, 2019, and notes that there is no response date required for this request.

Fourth, on page 103 of the SENTRY records it states again that "INM requests accommodations [sic] to take food out of FS."

---

[1] This page number references the page numbers listed at the top left corner of the Administrative Remedy Generalized Retrieval document, filed as ECF No. 38-3.

MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION [ECF NO. 55],

The request was received on August 2, 2019, and again shows no required response date on behalf of the facility and notes that a corrected appeal by the inmate was due by July 6, 2019, and that the inmate did not send a staff memo.

Fifth, on page 110 of the SENTRY records it states again that "INM requests accommodations [sic] to take food out of FS." The request was received on September 3, 2019, and states "if staff provide a memo stating the late filing was not your fault, then re-submit to the level of the original rejection." There is no more information provided in the SENTRY records regarding Remedy ID 977856 or any other document provided to the Court. Petitioner's argument that this particular Remedy ID was deficient due to a reason other than Petitioner's own failure to follow instructions given to him by the facility, specifically that "staff refused to provide the memo that regional office requested, so Petitioner was never able to provide one, thus he was not the one to fail to correct a defect," is unfounded in the filings provided to this Court. ECF No. 56 ¶ 10. There is no evidence that Petitioner complied with the rejection notice described above by obtaining the "staff memo" he was directed to obtain. Further, Petitioner's bare statement regarding a decision issued by the Western District of Pennsylvania has no bearing on this Court without adequate specificity or supporting legal authority. Therefore, because

**SIMPSON V. GOMEZ**                                          **1:19-CV-68**

### MEMORANDUM OPINION AND ORDER
### ADOPTING REPORT AND RECOMMENDATION [ECF NO. 55],

Petitioner failed to exhaust the administrative remedy as to both Remedy ID 977856 and Remedy 979219-R1, this objection is overruled, and the R&R is adopted as to this issue.

Upon careful review, the Court **ADOPTS** the R&R [ECF No. 55]. The Warden's Motion to Dismiss [ECF No. 38], construed as a motion for summary judgment, is **GRANTED,** and the remaining claim raised in his supplement to the petition is **DENIED** and **DISMISSED WITHOUT PREJUDICE.** [ECF No. 23]. Further, Petitioner's Motion for Reconsideration of the Amended Memorandum Opinion and Order [ECF No. 39] and Motion for Reconsideration of the Order denying Petitioner's motion to file electronically [ECF No. 48] are **DENIED as moot.** Finally, Petitioner's Motion to Expedite [ECF No. 59] and Motion to Supplement Petition [ECF No. 60] are **DENIED as moot.**

The Court **ORDERS** that this matter be **STRICKEN** from the Court's active docket and **DIRECTS** the Clerk to enter a separate judgment order.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record and the pro se Petitioner, via certified mail, return receipt requested.

DATED: February 1, 2021

                                        /s/ Thomas S. Kleeh
                                        THOMAS S. KLEEH
                                        UNITED STATES DISTRICT JUDGE